IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEE HAROLD GOGGINS, JR., <br> Plaintiff, | :: <br> :: <br> :: | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 |
| v. | :: <br> :: | |
| DISTRICT ATTORNEY SHERRY BOSTON, <br> Defendant. | :: <br> :: <br> :: | CIVIL ACTION NO. <br> 1:18-CV-2154-AT-LTW |

### FINAL REPORT AND RECOMMENDATION

Plaintiff was confined at the DeKalb County Jail in Decatur, Georgia when he filed this action in May 2018. Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 from the District Attorney of DeKalb County (the "District Attorney"). (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the

AO 72A
(Rev.8/82)

deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

The following allegations are taken from Plaintiff's complaint and presumed true for purposes of the § 1915A screening. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Plaintiff was arrested on December 12, 2017, and charged with three drug crimes. Plaintiff was not shown a warrant for his arrest.

At a preliminary hearing in the DeKalb County Magistrate Court on January 4, 2018, the prosecutor stated that Plaintiff was a flight risk and "tried to paint a picture of [negativity] . . . about [him]." (Doc. 1 at 3-4.) As a result, the Magistrate Court denied Plaintiff's request to reduce his $45,000 bond.

Plaintiff complains that both the prosecution against him and his confinement are unlawful. Plaintiff filed his complaint on May 9, 2018, the same day that a hearing on his motion to reduce bond was held. Plaintiff was given a reduced bond at that hearing, and he was released from jail on May 19, 2018. *Case Search*, DeKalb Cty. - Judicial Info. Sys., https://ody.dekalbcountyga.gov/portal/Home/WorkspaceMode (case no. D0267266) (last visited May 23, 2018); *Jail Search*, DeKalb Cty., https://ody.dekalbcountyga.gov/app/JailSearch (last visited May 23, 2018).

Plaintiff seeks $250,000 in damages from the District Attorney for the alleged wrongful prosecution and incarceration. Plaintiff also seeks dismissal of the criminal charges against him.

The District Attorney is immune from suit in her individual capacity for her prosecutorial actions, which is what Plaintiff challenges in this case. See *Van de Kamp v. Goldstein*, 555 U.S. 335, 862 (2009). Even if there was not probable cause to arrest or prosecute Plaintiff, the District Attorney (and her subordinate prosecutors) is "entitled to absolute immunity for the malicious prosecution of someone whom [she] lacked probable cause to indict." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993). Absolute immunity shields prosecutors' "[d]ecisions about indictment or trial prosecution," *Goldstein*, 555 U.S. at 862, and protects them from claims that they maliciously commenced a prosecution, *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997).

The District Attorney also is immune from suit in her official capacity because she is a state actor and the State is immune from suit under § 1983. *See Owens v. Fulton Cty.*, 877 F.2d 947, 952 (11th Cir. 1989); *McDuffie v. DeKalb Cty. Police Dep't*, No. 1:16-cv-1430-WSD, 2016 WL 7239954, at *5 (N.D. Ga. Dec. 15, 2016) (holding that prosecutor "is protected by sovereign immunity against Plaintiff's . . . claims against him in his official capacity"); *Johnson v. Chisolm*, No. CV410-031,

2010 WL 4540292, at *2 (S.D. Ga. July 15, 2010) ("A prosecutor sued in his official capacity is protected by the Eleventh Amendment."). Plaintiff's claims against the District Attorney, whether in her individual or official capacity, are not viable.

Even if Plaintiff had sued a defendant who was not immune from relief under § 1983, he has not stated a viable claim for malicious prosecution. Malicious prosecution claims do not accrue until the criminal charges against the plaintiff are fully resolved in his favor. *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998). Plaintiff's criminal case is still pending and, thus, has not been resolved in his favor.

Finally, Plaintiff cannot challenge his confinement under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973). But even if he could, his challenge is now moot because he has been released from that confinement.

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED**, this 29 day of May, 2018.

Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev.8/82)